# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**SAM EDWARD THURMOND, SR.**  **PLAINTIFF**
**ADC #127149**

v.  **CASE NO. 4:09cv00875 BSM**

**BRIAN WILLIAMS, et al.**  **DEFENDANTS**

**Consolidated With:**

**SAM EDWARD THURMOND, SR.**  **PLAINTIFF**
**ADC #127149**

v.  **CASE NO. 4:09cv00958 GTE**

**BRIAN WILLIAMS, et al.**  **DEFENDANTS**

## ORDER

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this *pro se* complaint [Doc. No. 2], pursuant to 42 U.S.C. § 1983, on November 18, 2009, naming as defendants Brian Williams ("Williams"), a Conway police detective; Brenna E. Willis ("Willis"), a parole officer; Charls Finkenbinder ("Finkenbinder"), a prosecutor, the State of Arkansas, and the City of Conway. A second complaint was filed on December 28, 2009 naming Williams and the City of Conway as defendants. [4:09cv00958 GTE, Doc. No. 2]. That case has been consolidated with the instant case. For the reasons provided herein, this case is dismissed without prejudice.

## I. SCREENING

Before docketing the complaint, or as soon thereafter as practicable, the court must

review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II. DISCUSSION

Plaintiff alleges multiple violations of his constitutional rights. He first asserts that his constitutional rights to an impartial jury were violated. In support of this claim, plaintiff alleges that Williams released information confirming that plaintiff had been arrested in connection with a robbery; Finkenbinder told the media that plaintiff faced a life sentence due to his lengthy criminal history; and Williams, Willis, and Finkenbinder "negated" his

2

presumption of innocence by releasing photo images of the robbery and stating that plaintiff was the suspect. Plaintiff claims that his constitutional rights were further violated because he was not charged with robbery until he invoked his Sixth Amendment right to an attorney. Plaintiff also alleges that he was arrested without a valid arrest warrant or without probable cause, and that his arrest was in retaliation for past law suits. Finally plaintiff maintains that Williams, Willis, and Finkenbinder, along with other unnamed officials, attempted to have him testify against himself at his parole hearing.

The record is clear that plaintiff is involved in an ongoing state proceeding regarding allegations that he committed robbery. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44. Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention

3

inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Abstention is appropriate because plaintiff's criminal case is ongoing, the state clearly has an important interest in enforcing criminal laws, and plaintiff has the right to raise constitutional challenges in the context of his criminal case. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate. *See Cormack v. Settle-Beshears*, 474 F.3d 528 (8th Cir. 2007) (abstention was appropriate for Fourth Amendment claim when the claim could be raised as a defense in the plaintiff's pending criminal proceedings).

Although *Younger* abstention doctrine requires the court to stay the proceeding until the state court case has concluded, *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998), plaintiff's case is controlled by *Heck v. Humphrey*, 512 U.S. 477 (1994), which mandates dismissal of plaintiff's complaint. This is true because the Supreme Court in *Heck* held that no claim for damages can be made in federal court if a federal court judgment in favor of the plaintiff would imply the invalidity of the plaintiff's conviction, continued imprisonment, or sentence in state court. 512 U.S. at 486-487. Indeed, to bring a case in federal court, the plaintiff must first have his state court conviction or sentence reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Id*.

In the present case, plaintiff has been returned to prison as a parole violator even as he awaits trial on the new charges. Thus, any relief he could receive in this court would

4

imply that his incarceration is invalid. *See also Carthron v. Geddings*, Case No. 4:07CV879, 2008 WL 192859 at *4 (E.D. Ark. Jan. 22, 2008) (unpublished opinion) (in abstention case, plaintiff's claim for money damages dismissed pursuant to *Heck*). In that plaintiff's conviction and/or sentence has not been reversed, expunged, or called into question by a writ of *habeas corpus,* plaintiff's case must be dismissed.

## III. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. All pending motions are denied as moot.

DATED this 26th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE